CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
  crowther@caldwell-leslie.com
JEFFREY M. HAMMER, State Bar No. 264232
  hammer@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

RACHLIS DURHAM DUFF ADLER & PEEL, LLC
MARION B. ADLER (admitted *pro hac vice*)
  madler@rddlaw.net
542 S. Dearborn Street, Suite 900
Chicago, Illinois 60605
Telephone: (312) 733-3957
Facsimile: (312) 733-3952

Attorneys for Plaintiff
24 HOUR FITNESS USA, INC.

MORISON HOLDEN & PROUGH, LLP
William C. Morison, State Bar No. 99981
  william.morison@mhdplaw.com
Michael D. Prough, State Bar No. 168741
  michael.prough@mhpdlaw.com
Philip D. Witte, State Bar No. 112217
  philip.witte@mhdplaw.com
1550 Parkside Drive, Third Floor
Walnut Creek, CA  94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant National Union
Fire Insurance Company Of Pittsburgh, PA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 24 HOUR FITNESS USA, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,<br><br>            Defendant. | Case No. 11-CV-08088-GHK-RZ<br><br>**Magistrate Judge Ralph Zarefsky**<br><br>**[PROPOSED] ORDER GRANTING STIPULATION (SECOND AMENDED) FOR PROTECTIVE ORDER** |

1

## **ORDER**

The parties' second amended stipulation for a protective order (Document No. 55) is before the Court. The Court having read the order and good cause appearing therefore, the Court hereby enters the following Stipulated Protective Order:

1. **Statement of Good Cause:** This lawsuit arises out of claims asserted by plaintiff 24 Hour Fitness pursuant to an insurance policy issued by defendant National Union. 24 Hour Fitness seeks reimbursement from National Union for sums that 24 Hour Fitness has allegedly incurred in defending against two underlying class-action lawsuits, referred to as the "*Friedman*" and "*Alatorre*" suits.

   a. In the course of litigating and taking discovery in this action, the parties anticipate that they may need to produce the following categories of sensitive, confidential, and/or proprietary documents and information, collectively referred to as "CONFIDENTIAL" material:

      i. detailed invoices, bills, and statements issued by attorneys and consultants engaged by 24 Hour Fitness to defend it in the *Friedman* and *Alatorre* suits, as well as 24 Hour Fitness's internal accounting records, which contain detailed information as to the specific fees and expenses allegedly incurred in defending those suits, but by listing these categories of documents 24 Hour Fitness does not waive the right to object to the production of such documents;

      ii. documents relating to reinsurance, reserves, premiums, and claims other than the claims alleged in the *Friedman* and *Alatorre* suits, among other documents, but by listing these categories of documents, National Union does not waive the right to object to production of such documents.

b. In the course of litigating the damages claimed by 24 Hour Fitness, the parties anticipate that National Union may challenge the reasonableness of the fees and expenses allegedly incurred by 24 Hour Fitness in defense of the *Friedman* and *Alatorre* suits and/or contend that certain or all of the fees or expenses claimed should be allocated to matters outside the scope of the policy coverage. In order to address those issues, the parties may need to refer to the following categories of documents and information, for which 24 Hour Fitness asserts the attorney-client, work-product, and/or other applicable privilege vis-à-vis the underlying *Friedman* and/or *Alatorre* suits (and which, despite the conclusion of those suits, 24 Hour Fitness asserts, retain their privileged character, especially as the strategies, investigations, analyses, research, and evaluations of counsel reflected in those documents may bear on subjects of a recurring nature pertinent to other lawsuits and matters in which 24 Hour Fitness may be engaged in the future), collectively referred to as "PRIVILEGED" material:

    i. documents reflecting the strategies, goals, or action plans of 24 Hour Fitness and its attorneys in defending and handling the underlying *Friedman* and/or *Alatorre* suits;

    ii. documents reflecting the bases, reasons, or criteria applied by 24 Hour Fitness in deciding whether to settle the *Friedman* and/or *Alatorre* suits, and/or any settlement strategies or tactics;

    iii. evaluations, analyses, investigations, assessments, and/or legal or factual research prepared by 24 Hour Fitness's

          outside counsel, consultants, or internal lawyers pertaining to the issues involved in the *Friedman* and/or *Alatorre* suits;

    iv. detailed descriptions of services rendered by 24 Hour Fitness's attorneys and consultants, as reflected in invoices, bills, or statements submitted to 24 Hour Fitness, or as recorded in those attorneys' or consultants' internal records; and

    v. deposition testimony or discovery responses addressing any of the foregoing topics.

2. In designating documents or information as CONFIDENTIAL and/or PRIVILEGED, the designating party shall take care to designate for protection only those portions of the material, documents, items, or oral or written communication that qualify for such protection, such that other portions of the same material, documents, items, or oral or written communication that do not qualify for such designations must not be swept unjustifiably within the scope of this Order.

3. Where the designation applies to documents or other information contained in a tangible medium, the word "CONFIDENTIAL" or "PRIVILEGED," as applicable, shall be applied directly on the document or other tangible medium by means of a stamp or other marking. Where the designation applies to information or material that is not susceptible to direct marking, the designation shall be made in the form of correspondence or email delivered simultaneously with furnishing the information or material.

4. If timely corrected, an inadvertent failure to designate qualifying documents or information as "CONFIDENTIAL" or "PRIVILEGED" does not, standing alone, waive the designating party's right to secure protection under this Stipulated Protective Order for such material. If material is subsequently designated as "CONFIDENTIAL" OR "PRIVILEGED" after the material was initially

4

CALDWELL LESLIE & PROCTOR

[PROPOSED] ORDER GRANTING STIPULATION (SECOND AMENDED) FOR PROTECTIVE ORDER

produced, the receiving party must, on timely notification of the designation, make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

     5.    Any document or information designated as "CONFIDENTIAL" or "PRIVILEGED" (as well as the information contained therein) shall be used by the receiving party solely for the purpose of this litigation and for no other purpose. CONFIDENTIAL and/or PRIVILEGED material shall not be disclosed directly or indirectly by the receiving party or its counsel *except* that, as is reasonably necessary to participate in this litigation, it may be disclosed to:

    a. the parties of record;

    b. their attorneys and their employees;

    c. during depositions, to witnesses who have a need to review the material in connection with their examination;

    d. third-party experts or consultants (including their assistants) retained by the parties or their counsel for the purposes of this litigation; and

    e. National Union's reinsurer(s), auditors and Chartis and its affiliates.

No person entitled to receive CONFIDENTIAL or PRIVILEGED documents or information subject to this Stipulated Protective Order shall give or convey such documents or information to any person not so entitled except as provided pursuant to this Stipulated Protective Order.

     6.    The protections provided under this Stipulated Protective Order apply, not just to the documents or information in the form furnished by the designating party, but to any information copied or extracted therefrom, as well as to all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that may reveal the CONFIDENTIAL or PRIVILEGED material.

7. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production or disclosure by 24 Hour Fitness in this action of documents or information that are designated "PRIVILEGED" pursuant to the terms of paragraph 1(b) of this Stipulated Protective Order shall not constitute a waiver of any or all applicable privileges with respect to any other federal or state proceedings.

8. Any individual who may have access to any documents marked "CONFIDENTIAL" or "PRIVILEGED" under this Stipulated Protective Order shall read and understand the terms of this stipulation and order prior to obtaining access to, receiving, or reviewing any such document or information contained therein.

9. The following procedures shall be followed with respect to any Court Filings in this action reflecting CONFIDENTIAL or PRIVILEGED material:

   a. Any pleadings, motions, memoranda, exhibits or other documents consisting of or reflecting the substance of material designated CONFIDENTIAL or PRIVILEGED (collectively "Court Filings") shall not be filed with the Court unless the filing party first complies with the procedures set forth in Local Rule 79-5.1 for the filing of documents under seal.

   b. Where the proposed Court Filings contain material that has been designated as CONFIDENTIAL or PRIVILEGED by the non-filing party, the party who intends to file such papers shall give advance notice of five business days before filing a motion, and two business days before filing a response or reply to the designating prior to submitting the application pursuant to LR 79-5.1 so that the designating party has the opportunity to file a memorandum in support of filing such material under seal.

10. This Stipulated Protective Order shall not preclude counsel for any party from using in the course of depositions any document or information which

has been designated as "CONFIDENTIAL" or "PRIVILEGED" under the terms hereof, provided that only those parties identified in paragraph 6 and the stenographic reporter are present, and all copies of the portions of deposition transcripts that relate to the "CONFIDENTIAL" or "PRIVILEGED" document or information and exhibits thereto that are filed with the Court are marked, as applicable: "Confidential/Privileged pursuant to Order of [date of order], to be opened only by Order of Court." All other copies of such transcript portions and exhibits shall be marked and treated as "CONFIDENTIAL" and/or "PRIVILEGED" pursuant to the terms of this Stipulated Protective Order.

11. The provisions of this Stipulated Protective Order shall not govern dispositive motions or trial. If a party desires protection of material designated CONFIDENTIAL or PRIVILEGED in connection with such proceedings, the party shall make separate application at that time to the judicial officer who will preside over such proceedings, justifying the protection under the standards applicable to such proceedings.

12. At the conclusion of this action, whether by judgment or settlement (including any appeals from this Court's orders or judgments), at the option of the receiving party, the CONFIDENTIAL and PRIVILEGED documents produced under the provisions of this Stipulated Protective Order (and all copies or extracts thereof) shall either (a) continue to be maintained in confidence by the receiving party, or (b) be destroyed by the receiving party. *Provided* however that, if a receiving party opts to destroy such CONFIDENTIAL or PRIVILEGED documents, it shall not be required to specifically undertake to destroy electronically archived copies of such material made for backup purposes (whether such documents are in original form or not). Rather, it shall suffice that such archived backup copies are destroyed upon the normal expiration of backup files (and maintained in confidence in the interim).

13. By entering into this Stipulated Protective Order, no party shall be deemed to have waived any objection to the production of any document or information, including any right it may have to object to any discovery on the grounds of privacy, confidentiality or privilege or to withhold information or documents from discovery on such grounds.

14. Disputes regarding the treatment of any documents or information designated as CONFIDENTIAL and/or PRIVILEGED under this Protective Order, including the designation, disclosure or use of confidential material prior to trial, shall be resolved pursuant to the procedures set out in Local Rules 37-1 through 37-4 for disputes relating to discovery matters.

    a. On any motion brought pursuant to this paragraph, the burden of persuasion shall be upon the party making the designation of confidentiality or privilege.

    b. During the pendency of any dispute and/or motion challenging the designation of any material as confidential or privileged, the material shall continue to be treated as subject to the protections of this Stipulated Protective Order unless and until the Court determines and orders that the materials are not confidential or privileged.

15. In the event that any party or counsel receiving CONFIDENTIAL or PRIVILEGED material covered by this Protective Order (a) is subpoenaed in another action, (b) is served with a demand or request in another action, or (c) is served with any other legal process by one not a party to this litigation seeking CONFIDENTIAL or PRIVILEGED material that has been produced or designated as such by some other party, the party receiving such subpoena, demand, or other legal process shall:

8

[PROPOSED] ORDER GRANTING STIPULATION (SECOND AMENDED) FOR PROTECTIVE ORDER

      a. give written notice by fax and/or email of such within five business days of service to the party that produced or designated the CONFIDENTIAL or PRIVILEGED material, and

      b. object to the production and decline to produce the CONFIDENTIAL or PRIVILEGED material by setting forth the existence of this Stipulated Protective Order.

Nothing herein, however, shall be construed as requiring the party that received such CONFIDENTIAL or PRIVILEGED material to challenge or appeal any order requiring that it produce the material, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from this Court.

16. Nothing contained in this Stipulated Protective Order shall be construed as preventing any party from applying to the Court, on an appropriate showing, for relief from any provision of this Stipulated Protective Order, or for further or different protections for any documents or material furnished in this lawsuit.

17. This Stipulated Protective Order shall survive the conclusion of this action and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

IT IS SO ORDERED.

DATED: April 2, 2012

By: _____

Honorable Ralph Zarefsky